# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

COREY CRAVENS,

    Petitioner,

    -vs-

Warden, Chillicothe Correctional Institution,

    Respondent.

Case No. 1:11-cv-265

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Stay (Doc. No. 3), filed simultaneously with the Petition on April 27, 2011. Petitioner represented that he had a claim which was included in his Petition but which was also then pending before the First District Court of Appeals in an application to reopen that court's judgment under Ohio R. App. P. 26(B). He further indicated that if the application for reopening was unsuccessful, he would appeal further to the Ohio Supreme Court (Motion, Doc. No. 3, PageID 22.)

On September 20, 2011, Respondent opposed the Motion (Doc. No. 10). Respondent conceded that the Petition was mixed in the sense that it included a claim – ineffective assistance of appellate counsel – on which Petitioner had an unexhausted remedy as of the time the Petition was filed, to wit, the Ohio R. App. P. 26(B) application. Respondent also avers, however, that by September, 2011, the appeals court had denied the 26(B) application as untimely. Respondent admitted, however, that Petitioner could still appeal to the Ohio Supreme Court (Response, Doc. No.

10, PageID 144).  Respondent opposed a stay, however, on the grounds that the unexhausted claim was without merit.  *Id.*  PageID 146.  Petitioner has not filed a reply memorandum in support of his Motion to Stay.

Exhibit 15 to the Return of Writ is the September 2, 2011, Entry of the First District Court of Appeals denying the application for reopening on grounds it was untimely (Return, Doc. No. 9, PageID 141-142).  A search of the Ohio Supreme Court's online docket reflects Petitioner's direct appeal, but does not show any appeal taken from denial of his application for reopening.  The time to take such an appeal expired forty-five days after the judgment in the court of appeals, or on October 17, 2011.  The Ohio Supreme Court does not allow delayed appeals of denials of 26(B) applications, so Petitioner has no further right to be heard in the Ohio courts on his claim of ineffective assistance of appellate counsel.

The Motion for Stay is denied as moot.

December 28, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
