UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| COREY CRAVENS, | : | NO. 1:11-CV-00265 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION AND ORDER** |
|  | : |  |
| ROB JEFFREYS, WARDEN, LEBANON | : |  |
| CORRECTIONAL INSTITUTION, | : |  |
|  | : |  |
| Respondent. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 17) and Petitioner's Objection (doc. 20). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES the Petition with prejudice.

Petitioner filed his pro se Petition for a Writ of Habeas Corpus on April 27, 2011, challenging his sentence, after a trial by jury in the Hamilton County, Ohio Court of Common Pleas, for robbery and felonious assault (doc. 1). His conviction was affirmed by the First District Court of Appeals, and the Ohio Supreme Court (Id.).

Petitioner brings the instant habeas petition raising three grounds for relief (Id.). He argues 1) he was denied due process due to insufficient evidence, 2) he was denied due process when the trial court overruled his motion for acquittal because the prosecution failed to prove the elements of his convictions, and 3)

he was denied assistance of counsel at trial and on appeal (Id.).

The Magistrate Judge found Petitioner's third ground for relief procedurally defaulted, and recommended that it should be dismissed on such basis (doc. 17). Petitioner in no way challenged such conclusion (doc. 20).

Petitioner's arguments center on his first two grounds for relief, in which Petitioner challenges the sufficiency of the evidence on which he was convicted. The Magistrate Judge found these grounds essentially present the same legal question, because the test for granting a motion for judgment of acquittal is whether the prosecution has submitted sufficient evidence (doc. 17). Accordingly, the Magistrate Judge conducted an extensive review of the undisputed facts and the trial testimony by Petitioner's co-Defendants, that is, the evidence in the case (Id.).

Petitioner could not deny that he stated to his co-Defendant Chaz Henry before the robbery that a robbery was about to happen, that the shooting and robbery took place in Petitioner's van, while Petitioner was present, that Petitioner helped clean up the blood from the shooting, and that Petitioner shared in the proceeds of the robbery (doc. 17). The Magistrate Judge found the jury was entitled to believe the testimony of Petitioner's co-Defendants, which was subject to cross-examination, and which established the above evidence (Id.). As this evidence constituted sufficient evidence to convict, the Magistrate Judge found

Petitioner's Grounds One and Two without merit, and recommended they should be dismissed with prejudice (Id.).

The Court has reviewed Petitioner's Objections, in which he reiterates his view that the evidence was insufficient to convict him beyond a reasonable doubt (doc. 20). In so doing, Petitioner attempts to articulate further evidence that was lacking, that would have been more sufficient. For example, Petitioner contends there is no evidence of a detailed plan that he discussed with any co-Defendant. However, the Court finds a reasonable jury could and did find the evidence of Petitioner's involvement in this matter sufficient to support his convictions. The lack of even better evidence does not detract from the reality of sufficient evidence supporting Petitioner's guilt.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 17) in all respects, and DISMISSES Petitioner's Petition (doc. 1) with prejudice, as Grounds One and Two are without merit, and Ground Three is procedurally defaulted. The Court further DENIES a certificate of appealability. Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade

3

<u>v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

      SO ORDERED.


Dated: January 17, 2013     <u>s/S. Arthur Spiegel</u>
                              S. Arthur Spiegel
                              United States Senior District Judge